IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANK IRVIN MOPPINS,

    Plaintiff,                     No. CIV S-06-1099 FCD GGH P

    vs.

SHELL OIL COMPANY, et al.,

    Defendants.               <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). An initial partial filing fee of $53.66 will be assessed by this order. 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the

1

preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

\\\\\

1  Named as defendants are Shell Oil Company, Gasoline Marketers of America,
2  Chervon, Texoil and Exxon. Plaintiff alleges that defendants violated his constitutional rights by
3  charging high prices for gasoline.
4  In order to state a claim under § 1983, a plaintiff must allege that: (1) defendant
5  was acting under color of state law at the time the complained of act was committed; and (2)
6  defendant's conduct deprived plaintiff of rights, privileges or immunities secured by the
7  Constitution or laws of the United States. 42 U.S.C. § 1983; see West v. Atkins, 487 U.S. 42, 48
8  (1988).
9  The named defendants are not state actors because they are private corporations.
10 Accordingly, the complaint is dismissed. Although it does not appear that plaintiff can cure this
11 pleading defect, the court will dismiss the complaint with leave to amend.
12 In accordance with the above, IT IS HEREBY ORDERED that:
13 1. Plaintiff's request for leave to proceed in forma pauperis is granted.
14 2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.
15 Plaintiff is assessed an initial partial filing fee of $53.66. All fees shall be collected and paid in
16 accordance with this court's order to the Director of the California Department of Corrections
17 and Rehabilitation filed concurrently herewith.
18 3. The complaint is dismissed for the reasons discussed above, with leave to file
19 an amended complaint within thirty days from the date of service of this order. Failure to file an
20 amended complaint will result in a recommendation that the action be dismissed.
21 DATED: 7/31/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

24 ggh:kj
mop1099.b